

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN - 9 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DONNA STURKIN**                                                              **PLAINTIFF**

v.                                                              CIVIL ACTION NO. 3:16-cv-434 CWR-FKB

**VICKY PATRICK,**
**MARCUS D. ELLIS JR.,**
**LEAKE COUNTY, MISSISSIPPI,**
**SCOTT COUNTY, MISSISSIPPI,**
**NESHOBA COUNTY, MISSISSIPPI,**
**NEWTON COUNTY, MISSISSIPPI,**
**JOHN DOES 1-5**                                                              **DEFENDANTS**

### COMPLAINT

*** JURY TRIAL DEMANDED ***

Plaintiff Donna Sturkin brings this suit against Defendants Vicky Patrick, Marcus Ellis, Leake County, Mississippi, Scott County, Mississippi, Neshoba County, Mississippi, Newton County, Mississippi, and John Does 1-5 and for cause of action state as follows:

### Parties

1.  Plaintiff Donna Sturkin is an adult resident citizen of Scott County, Mississippi.

2.  Defendant Vicky Patrick is an adult residing in this District and Division. She may be served with the Summons and Complaint at her home address.

3. Defendant Marcus D. Ellis, Jr., is an adult residing in this District and Division. He may be served with the Summons and Complaint at his business address of 115 Main St., Walnut Grove, Mississippi 39189.

4. Defendant Leake County, Mississippi, is a political subdivision of the state of Mississippi. It may be served with the Summons and Complaint by delivering them to the Chancery Clerk of the County, Dot Merchant, at 101 Court Sq. #100, Carthage, Mississippi 39051.

5. Defendant Scott County, Mississippi, is a political subdivision of the state of Mississippi. It may be served with the Summons and Complaint by delivering them to the Chancery Clerk of the County, Lee Anne Livingston Palmer, at 100 E. 1st St., Forest, Mississippi 39074.

6. Defendant Neshoba County, Mississippi, is a political subdivision of the state of Mississippi. It may be served with the Summons and Complaint by delivering them to the Chancery Clerk of the County, Guy Nowell, at 401 W Beacon St., #110, Philadelphia, Mississippi 39350.

7. Defendant Newton County, Mississippi, is a public subdivision of the state of Mississippi. It may be served with the Summons and Complaint by delivering them to the Chancery Clerk of the County, George T. Hayes, at 92 W Broad St., Decatur, Mississippi 39327.

8. The addresses of Defendants John Does 1-5 are not currently

known.

## Jurisdiction and venue

9. This Court has personal jurisdiction over all of the Defendants because they either reside in this District and Division or are a political subdivision of the state of Mississippi within this District and Division.

10. This Court is the appropriate venue for this action pursuant to 28 U.S.C Section 1391.

11. This Court has subject matter jurisdiction over the claims asserted in this Complaint pursuant to both 28 U.S.C. Section 1331 and Section 1343.

## Statement of the Facts

12. On November 15, 2010, Plaintiff (then known as Donna Wilson) entered the Eighth Judicial District Drug Court (hereinafter the "Drug Court").

13. The Drug Court was and is operated pursuant to a certain set of statutes and rules.

14. As part of, and as a condition of, participating in the Drug Court, Plaintiff was required to undergo regular testing for drugs and alcohol and make regular court appearances.

15. When Plaintiff entered into the Drug Court, she was assigned to probation officer Vicky Patrick.

16. During her time in Drug Court, Plaintiff was regularly and

repeatedly subjected to violations of her rights by Defendant Patrick. At all times, Defendant Patrick was acting under color of law.

17. The violations in question included, but is not limited to, the following:

A. Defendant Patrick would make demands of Plaintiff that Plaintiff was not otherwise required to perform in Drug Court and she would tell Plaintiff she would go to jail if she did not comply.

B. When Plaintiff was working at a store, Defendant Patrick would regularly come to the store to steal from the store. She involved Plaintiff in her scheme by waiting until Plaintiff was working the cash register before coming to the store, by bringing the goods in a cart through Plaintiff's checkout lane without paying, and threatening Plaintiff with jail if she did not comply.

C. When Plaintiff was working at a local hotel, Defendant Patrick would insist on receiving hotel rooms without paying for them, either for herself, her friends or family members. She involved Plaintiff in this scheme by making the demands directly of Plaintiff and threatening her with jail if she did not comply. Plaintiff complied and, on several instances, paid for the rooms herself to avoid jail.

D. When Plaintiff at times did not comply with Defendant Patrick's demands, the next session of Drug Court Defendant Patrick reported to

Judge Cotten that Plaintiff had tested positive for alcohol consumption. Plaintiff suffered sanctions and imprisonment as a result. As discussed below, Plaintiff subsequently learned that Defendant Patrick had lied to the Judge.

18. Thus, during her tenure in Drug Court, Plaintiff was subjected to regular and repeated harassment, coercion, punishment, and false reporting by Defendant Patrick. She lost jobs, income, and her liberty as a result of Defendant Patrick's actions. She suffered mental and emotional distress as a result of Defendant Patrick's actions.

19. After Defendant Patrick lost her job for other misconduct, Defendant Ellis told Plaintiff that her she had not failed any of the tests for alcohol consumption.

20. Defendant Marcus D. Ellis, Jr., is the Coordinator for the Drug Court. He has (and at relevant times had) the responsibility for the operation and administration of the Drug Court. He had the responsibility to see that testing and reporting was conducted properly and accurately. He had the responsibility, among other things, for ensuring that Plaintiff received legal, fair and constitutional treatment while in the Drug Court.

21. The misconduct of Defendant Patrick imposed on Plaintiff was not an isolated incident. Defendant Patrick engaged in similar misconduct with other participants of the Drug Court. She was, to put it bluntly, allowed by Defendant

Ellis to "run amok," coercing favors, money, and other benefits from Drug Court participants.

22. Defendant Ellis either knew what Defendant Patrick was doing or otherwise exhibited reckless disregard and deliberate indifference. At all times, he was acting under color of law.

23. The structure and funding of the Drug Court is not fully understood by Plaintiff. Based upon information and belief, Defendant Patrick and Defendant Ellis were employees of the four counties named as Defendants.

24. The misconduct of Defendant Patrick was so widespread that it may be fairly considered to be an informal custom or policy of those Counties, for which they are liable.

25. In addition, pursuant to Section 11-46-7 of the Mississippi Code, the employers of Defendants Patrick and Ellis (and any individual John Doe Defendants later identified) are responsible to Plaintiff for any judgment that may be rendered against those individuals. *See also* Opinion No. 95-0084 of the Office of the Attorney General, State of Mississippi; *Cooper v. Brown*, 2016 WL 142405, at *11, n. 2 (N.D. Miss. Jan. 12, 2016).

26. The John Doe Defendants fall into two categories. First, they are other individuals not currently known to Plaintiff who were responsible for supervising Defendant Patrick. Second, should Plaintiff be incorrect in her

understanding of who the employers of the individual Defendants are, then they are the other governmental entities that served as their actual employers.

## Causes of Action

27. All Defendants were acting under color of law when Plaintiff suffered the injuries, violations of rights, and damages alleged above. The individual Defendants were acting in the course and scope of their employment.

28. Plaintiff brings this action pursuant to 42 U.S.C. Section 1983 for violation of the rights, privileges and immunities secured to her by the Constitution and laws of the United States.

29. More specifically, Plaintiff had the right under the Fourth Amendment of the United States Constitution to be free from unlawful search and seizure. The Fourth Amendment is made applicable to the states by the Fourteenth Amendment.

30. Further, pursuant to the Fifth Amendment of the United States Constitution, Plaintiff could not be deprived of her property or liberty in the absence of due process of law, which was denied to her here. The Fifth Amendment is made applicable to the states by the Fourteenth Amendment.

31. As a result of the actions of the Defendants, Plaintiff has been subjected to wrongful arrest, coercion, false imprisonment, punishment, loss of income, loss of employment, inconvenience, prolonged time in the Drug Court,

and mental and emotional distress.

32. For this, she seeks compensatory damages against all Defendants, jointly and severally.

33. Plaintiff further requests an award of punitive damages, to be determined by the jury, against the individual Defendants.

34. Plaintiff further requests an award of costs, attorneys' fees and litigation expenses pursuant to 42 U.S.C. Section 1988.

35. Plaintiff further requests a declaratory judgment that the employers of the individual Defendants owe a duty to Plaintiff pursuant to Section 11-46-7 of the Mississippi Code to pay any judgment rendered against the individual Defendants.

WHEREFORE, Plaintiff Donna Sturkin requests judgment against the Defendants for compensatory damages in an amount not less than $500,000.00, punitive damages against the individual Defendants in an amount not less than $500,000.00, plus attorney's fees, costs, litigation expenses, prejudgment interest, and post-judgment interest. She also seeks the declaratory judgment stated above.

Respectfully submitted, this the 9th day of June, 2016.

DONNA STURKIN

_____
Ronald E. Stutzman, Jr., her attorney

OF COUNSEL:

S. Craig Panter (MB # 3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B
Madison, MS 39110
601-607-3156 phone
601-607-3157 fax
email: cpanter@craigpanterlaw.com


Ronald E. Stutzman, Jr. (MB #101454)
The Stutzman Law Firm, PLLC
513 Keywood Circle
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com