## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DONNA STURKIN**                                                              **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 3:16-cv-434-CWR-FKB**

**VICKY PATRICK,**
**MARCUS D. ELLIS, JR.,**
**LEAKE COUNTY, MISSISSIPPI**
**SCOTT COUNTY, MISSISSIPPI,**
**NESHOBA COUNTY, MISSISSIPPI,**
**NEWTON COUNTY, MISSSISSIPPI,**
**JOHN DOES 1-5**                                                           **DEFENDANTS**

### LEAKE COUNTY, MISSISSIPPI'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Comes now, Leake County, Mississippi, by and through counsel and in response to Plaintiff's Complaint would show unto the Court as follows:

### FIRST DEFENSE

*(Motion to Dismiss - §1983 Claim)*

A Mississippi County is not chargeable constitutionally with the acts or omissions of state employee. Further, the Complaint fails to state a claim against these Defendants upon which relief may be granted under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 653 (1977) as the instant claims are necessarily predicated on the doctrine of respondeat superior and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the Leake County, Mississippi, that was the moving force behind the alleged injuries of Plaintiff. Plaintiff's Complaint should accordingly be dismissed. Defendants ray for an early determination of this issue in the interest of judicial economy.

## SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRD DEFENSE

To the extent the Plaintiff is asserting any state law claims, answering defendant invokes each and every restriction, limitation, requirement, privilege and immunity of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## FOURTH DEFENSE

Answering defendant denies that it has been guilty of any actionable conduct.

## FIFTH DEFENSE

### ADMISSIONS AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

### Parties

1.      Answering defendant, upon information and belief, admits the allegations of paragraph 1 of Plaintiff's Complaint.

2.      Answering defendant, upon information and belief, admits the allegations of paragraph 2 of Plaintiff's Complaint.

3.      Answering defendant, upon information and belief, admits the allegations of paragraph 3 of Plaintiff's Complaint.

4.      Answering defendant admits the allegations of paragraph 4 of Plaintiff's Complaint.

5.      Answering defendant admits the allegations of paragraph 5 of Plaintiff's Complaint.

6.      Answering defendant admits the allegations of paragraph 6 of Plaintiff's Complaint.

7.      Answering defendant admits the allegations of paragraph 7 of Plaintiff's Complaint.

8.      Answering defendant denies the allegations of paragraph 8 of Plaintiff's Complaint.

## Jurisdiction and venue

9.      Answering defendant admits that this Court has personal jurisdiction over the defendants. Answering defendant denies the remaining allegations of paragraph 9 of Plaintiff's Complaint.

10.     Answering defendant admits that venue is proper in this matter. Answering defendant denies the remaining allegations of paragraph 10 of Plaintiff's Complaint.

11.     Answering defendant admits that this Court has subject matter jurisdiction over the instant cause of action. Answering defendant denies the remaining allegations of paragraph 11 of Plaintiff's Complaint.

## Statement of the Facts

12.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 12 of Plaintiff's Complaint and, as such, denies the same.

13.     Answering defendant admits that the drug court in question is authorized by statute. Answering defendant denies the remaining allegations of paragraph 13 of Plaintiff's Complaint.

14.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 14 of Plaintiff's Compliant and, as such, denies the same.

15.     The allegations of paragraph 15 of Plaintiff's Complaint concern a defendant other than the answering defendant and, as such, a response is not required. To the extent that a response is deemed necessary, answering defendant would state that it lacks information sufficient to make a determination as to the truth of the allegations of paragraph 15 of Plaintiff's Complaint and, as such, denies the same.

4

16.    The allegations of paragraph 16 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant denies the same.

17. A-D.    The allegations of paragraph 17 subparagraphs A-D concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant denies the same.

18.    The allegations of paragraph 18 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant denies the same.

19.    The allegations of paragraph 19 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant denies the same.

20.    The allegations of paragraph 20 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant denies the same.

21.    The allegations of paragraph 21 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant denies the same.

22.    The allegations of paragraph 22 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant denies the same.

23.     Answering defendant denies the allegations of paragraph 23 of Plaintiff's Complaint.

24.     Answering defendant denies the allegations of paragraph 24 of Plaintiff's Complaint.

25.     Answering defendant denies the allegations of paragraph 25 of Plaintiff's Complaint.

26.     The allegations of paragraph 26 of Plaintiff's Complaint concern defendants other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant denies the same.

## Causes of Action

27.     Answering defendant denies the allegations of paragraph 27 of Plaintiff's Complaint.

28.     Answering defendant denies the allegations of paragraph 28 of Plaintiff's Complaint.

29.     Answering defendant denies the allegations of paragraph 29 of Plaintiff's Complaint as stated.

30.     Answering defendant denies the allegations of paragraph 30 of Plaintiff's Complaint.

31.     Answering defendant denies the allegations of paragraph 31 of Plaintiff's Complaint.

32.     Answering defendant denies the allegations of paragraph 32 of Plaintiff's Complaint and affirmatively asserts that Plaintiff is not entitled to any relief whatsoever.

33.     Answering defendant denies the allegations of paragraph 33 of Plaintiff's Complaint and affirmatively asserts that Plaintiff is not entitled to any relief whatsoever.

34.     Answering defendant denies the allegations of paragraph 34 of Plaintiff's Complaint and affirmatively asserts that Plaintiff is not entitled to any relief whatsoever.

35.     Answering defendant denies the allegations of paragraph 35 of Plaintiff's Complaint and affirmatively asserts that Plaintiff is not entitled to any relief whatsoever.

As for the unnumbered paragraph, which commences, "WHEREFORE, Plaintiff Donna Sturkin requests…," answering defendant denies each and every allegations contained therein and would affirmatively assert that Plaintiff is not entitled to any relief whatsoever.

### SIXTH DEFENSE

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

### SEVENTH DEFENSE

Answering defendant alleges that it met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or

contributed to the incident in question.

## EIGHTH DEFENSE

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## NINTH DEFENSE

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendants.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

8

(e)    The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)    The procedures permit multiple awards of punitive damages for the same alleged act.

(g)    The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)    The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)    The standard of conduct upon which punitive damages are sought is vague.

## TENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994) as a defense to the extent it is applicable to any of Plaintiff's claims.

## ELEVENTH DEFENSE

To the extent applicable, answering defendants would assert that Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.

## TWELTH DEFENSE

Any allegation contained in the Complaint, which is not specifically admitted, is hereby denied.

## THIRTEENTH DEFENSE

Answering defendant specifically asserts and invokes all the privileges available to it as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.   Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint, filed against it, the answering defendant requests that the same be dismissed and discharged, with costs assessed against the Plaintiff.

**DATE:**        July 18, 2016.

Respectfully submitted,

**LEAKE COUNTY,
MISSISSIPPI**

By:      /s/ Danny J. Griffith
One of Its Attorneys

JACKS GRIFFITH LUCIANO, P.A.
DANNY J. GRIFFITH (MSB #8366)
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS  38732
Tel. (601) 843-6171
Fax (601) 843-6176
dgriffith@jlpalaw.com

## **CERTIFICATE**

I, the undersigned, of Jacks Griffith Luciano, P.A., hereby certify that I have this day filed the foregoing Answer to Plaintiff's Complaint via ECF, which has given notice of the same to all parties who have appeared in this cause.

This the 18th day of July, 2016.

/s/ *Danny J. Griffith*
COUNSEL