IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNA STURKIN                                                                                          PLAINTIFF

VS.                                                                    CIVIL ACTION NO.: 3:16-CV-434 CWR-FKB

VICKY PATRICK,
MARCUS D. ELLIS, JR.,
LEAKE COUNTY, MISSISSIPPI,
SCOTT COUNTY, MISSISSIPPI,
NESHOBA COUNTY, MISSISSIPPI
NEWTON COUNTY, MISSISSIPPI
JOHN DOES 1-5                                                                                        DEFENDANTS

## NESHOBA COUNTY, MISSISSIPPI'S ANSWER, DEFENSES & AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW, Neshoba County, Mississippi, by and through counsel and files this its *Answer, Defenses & Affirmative Defenses to Complaint* and in support thereof would respectfully show unto the Court as follows, to-wit:

**FIRST DEFENSES:** Neshoba County, Mississippi (herein after referred to "Neshoba") would show that the Plaintiff's *Complaint* fails to state a claim upon which relief can be granted. Alternatively, Neshoba would show that the Plaintiff's *Complaint* fails to state a claim against Neshoba upon which relief can be granted. Neshoba County is a separate and distinct body politic from any actor factually alleged to have committed any ill toward the Plaintiff.

**SECOND DEFENSE:** Plaintiff's claims against Neshoba are barred according the United States Supreme Court ruling in Monell vs. Dept. of Social Services. See Monel vs. Dept. of Social Services, 436 U.S. 653 (1977). Monell proposes that, while a §1983 claim does apply to local governments, a local government cannot be held liable under a §1983 claim under a theory of *respondeat superior*, absent some proof of an

official policy, custom or practice of the local government upon which the action complained of is founded or created.  See <u>Monell</u> at 691-695.  Such proof was neither alleged nor proven in the *Complaint* and certainly does not exist.  Thus, the claims against Neshoba should be dismissed.

**THIRD DEFENSE:**  The *Complaint* fails to state facts against Neshoba which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of the state of Mississippi or the Constitution of the state of Mississippi.

**FOURTH DEFENSE:**  To the extent the Plaintiff is asserting any state law claim, Neshoba invokes each and every restriction, limitation, requirement, privilege and immunity of the <u>Mississippi Tort Claims Act</u>, <u>Miss. Code Ann.</u> §11-46-1 *et seq*, including but not limited to, the provisions outlined in §§ 11-46-3, 11-46-5, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**FIFTH DEFENSE:**  Neshoba denies that it has been guilty of any actionable conduct and, further, denies any relationship or connection to the actions upon which the Plaintiff complains.

**SIX DEFENSE-ADMISSIONS AND DENIALS:**

Without waiving any defenses heretofore or hereinafter stated, Neshoba respond to each allegation of the *Complaint* as follows:

*Parties:*

1. Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

2. Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

3. Neshoba knows that Mr. Ellis is an adult but as to his residency Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

4. Neshoba admits the allegations in paragraph 4.

5. Neshoba admits the allegations in paragraph 5.

6. Neshoba admits the allegations in paragraph 6.

7. Neshoba admits the allegations in paragraph 7.

8. Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

*Jurisdiction and Venue:*

9. Neshoba admits to the personal jurisdiction of this Court of the county defendants but Neshoba does not have sufficient knowledge or information regarding the individual defendants to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

10. Neshoba admits the allegations in paragraph 10.

11. Neshoba admits the allegations in paragraph 11.

*Statement of the Facts*

12. The allegations asserted in paragraph 12 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or

information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

13.     The allegations asserted in paragraph 13 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

14.     The allegations asserted in paragraph 14 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

15.     The allegations asserted in paragraph 15 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

16.     The allegations asserted in paragraph 16 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

17.     The allegations asserted in paragraph 17 A-D concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

18.     The allegations asserted in paragraph 18 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

19.     The allegations asserted in paragraph 19 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

20.     The allegations asserted in paragraph 20 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

21.     The allegations asserted in paragraph 21 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

22.     The allegations asserted in paragraph 22 concern a person or entity or defendant other than Neshoba.  Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

23.     Neshoba County denies that Defendant Patrick and/or Defendant Ellis were employees of Neshoba and, further, denies that structure or funding of Drug Court is connected to Neshoba.

24. Neshoba denies the allegations asserted in paragraph 24.

25. Neshoba denies the allegations asserted in paragraph 25.

26. The allegations asserted in paragraphs 16 concern a person or entity or defendant other than Neshoba. Therefore, Neshoba does not have sufficient knowledge or information to make a determination as to the truth of this allegation and, as such, respectfully denies the same.

*Cause of Action:*

27. Neshoba denies the allegations asserted in paragraph 27.

28. Neshoba denies the allegations asserted in paragraph 28.

29. Neshoba denies the allegations asserted in paragraph 29.

30. Neshoba denies the allegations asserted in paragraph 30.

31. Neshoba denies the allegations asserted in paragraph 31.

32. Neshoba denies that Plaintiff is entitled to any damages and relief against Neshoba, including the damages asserted in paragraph 32.

33. Neshoba denies that Plaintiff is entitled to any damages and relief against Neshoba, including the damages asserted in paragraph 33.

34. Neshoba denies that Plaintiff is entitled to any damages and relief against Neshoba, including the damages asserted in paragraph 34.

35. Neshoba denies that Plaintiff is entitled to any damages and relief against Neshoba, including the damages asserted in paragraph 35.

36. Neshoba denies that Plaintiff is entitled to any damages and relief against Neshoba, including the damages asserted in "WHEREFORE" paragraph.

**SEVENTH DEFENSE:**  Neshoba is protected by and invokes all the immunities granted by judicial, common law and statutory sovereign immunity.

**EIGHTH DEFENSE:**  Neshoba alleges that it met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions of which either caused or contributed to the incident in question.

**NINTH DEFENSE:**   The Plaintiff's claims are barred by accord and satisfaction, arbitration and award, assumption of the risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, ratification, consent, acquiescence, release, and other matters constituting avoidance and affirmative defenses.  Neshoba reserves the right to amend to assert additional affirmative defenses.

**TENTH DEFENSE:** The Plaintiff's is not entitled to recover any enhanced, punitive or exemplary damages, as provided by Miss. Code Ann. § 11-46-45, insofar as any state law claims are concerned.  Additionally, Neshoba would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive or exemplary damages, the same being violations of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the state of Mississippi, inclusive of, but not necessarily limited to, the following and several grounds:

   a. Procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

   b. The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

   c. The procedures fail to provide a limit on the amount of the award against the defendants;

> d. The procedures fail to provide specific standards for the amount of the award of punitive damages;
>
> e. The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal standards;
>
> f. The procedures permit multiple awards of punitive damages for the same alleged act;
>
> g. The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages;
>
> h. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.
>
> i. The standard of conduct upon which punitive damages are sought are vague.

**ELEVENTH DEFENSE:**  Neshoba invokes any and all defenses provided by <u>Heck vs. Humphrey</u>, 512 U.S. 77 (1994) which are applicable to the claims asserted against Neshoba.

**TWELFTH DEFENSE:**  To the extent applicable, Neshoba would assert that the Plaintiffs' claims are barred by the *Rooker-Feldman* Doctrine .

**THIRTEEN DEFENSE:**  Any allegation in the *Complaint*, which is not specifically admitted, is hereby denied.

**FOURTHEENTH DEFENSE:**  Neshoba specifically asserts and invokes all the privileges available to it under Federal R. Civ. Pr. 12 (b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exists.  Neshoba, further, reserves the right to add additional defenses as the same become known during the course of discovery in this cause.

WHEREFORE, PREMISES CONSIDERED, Neshoba respectfully prays unto this Court to accept is *Affirmative Defenses, Defenses and Answer to the Complaint* and because such recited herein and the facts and law therein surrounding to dismiss the Complaint against Neshoba.  Further, Neshoba prays unto this Court to grant any general or specific relief it may deem so duty bound to grant.  Finally, Neshoba respectfully requests that all costs and fees associated with said *Complaint* be assessed against the Plaintiff.

RESPECTFULLY SUBMITTED, this the 2nd day of September, 2016.

NESHOBA COUNTY, MISSISSIPPI
By:  *s/ Wade White*
       WADE WHITE, its attorney

Prepared and submitted by
Wade White
Attorney for Neshoba County, Miss.
501 Main Street
Philadelphia, MS 39350
Phone: (601) 656-3710
Fax: (601) 656-3706
Email: wade.white@outlook.com
MS State Bar No. 101580

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that I have caused this day to be personally served a true, correct, and complete copy of the above and foregoing document to via ecf and regular United States Mail:

Dany J. Griffith, Esq.-Attorney for Leake County, Miss.
Jacks Griffith Laciano, P.A.
PO Box 1209

Cleveland, MS 38732

Ronald E. Stutzman, Jr. Esq—Attorney for Ms. Donna Sturkin
The Stutzman Law Firm, PLLC
513 Keywood Circle
Flowood, MS 39232

S. Craig Panter, Esq—Attorney for Ms. Donna Strurkin
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B
Madison, MS 39110

William R. Allen, Esq.-Attorney for Scott and Newton Counties, Miss.
Allen, Allen, Breeland & Allen, PLLC
PO Box 751
Brookhaven, MS 39602

Tommy D. Goodwin, Esq,-Attorney for Ms. Vicky Patrick
Special Assistant Attorney General
PO Box 220
Jackson, MS 39205

THIS, the 19th day of April, 2016.

                NESHOBA COUNTY, MISSISSIPPI

                By:  *s/ Wade White*_____
                    WADE WHITE, its attorney

Prepared and submitted by
Wade White
Attorney for Neshoba County, Miss.
501 Main Street
Philadelphia, MS 39350
Phone: (601) 656-3710
Email: wade.white@outlook.com
MS State Bar No. 101580