IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DONNA STURKIN                                                                      PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:16-CV-434CWR-FKB

VICKY PATRICK,
MARCUS D. ELLIS JR.,
LEAKE COUNTY, MISSISSIPPI,
SCOTT COUNTY, MISSISSIPPI,
NESHOB COUNTY, MISSISSIPPI,
NEWTON COUNTY, MISSISSIPPI,
JOHN DOES 1-5                                                                      DEFENDANTS

## MOTION OF MARCUS ELLIS' MOTION

## FOR ABSOLUTE AND QUALIFIED IMMUNITY

COMES NOW THE DEFENDANT MARCUS ELLIS, through Counsel, and files this motion for absolute and qualified immunity, pursuant to FRCP Rule 12 or Rule 56, to wit:

1)      As alleged within the Complaint, Plaintiff Sturkin was an 8th Circuit Court District Drug Court participant assigned to the program by a Circuit Court Judge as a sentence diversion. Plaintiff Sturkin was placed under the supervision of Vicky Patrick, a probation officer with the program.  Plaintiff Sturkin alleges abuse of authority in the form of extorting benefits by Vicky Patrick.  [Doc # 1, Complaint at paragraph 17 (A) demanding things not required by the Drug Court;  (B) going through her checkout line without paying; (C) demanding free hotel rooms; and, (D) telling lies to the Circuit Court Judge to have her thrown in jail.].   Plaintiff  Sturkin

claims the abuses of Patrick were widespread, alleges notice to her supervisor Defendant Marcus Ellis, and names him in an individual supervisory capacity. [Doc # 1, Complaint at paragraphs 21-22]. The Complaint alleges Fourth and Fifth Amendment claims under the Constitution of the United States. More specifically the alleged Fourth Amendment claim is for unlawful search and seizure, and the alleged Fifth Amendment claim is deprivation of property and liberty without due process of law.

2) The Defendant Marcus Ellis, is named in his individual capacity, the language of the Complaint which is unique to Marcus Ellis is as follows:

> "20. Defendant Marcus D. Ellis, Jr., is the Coordinator for the Drug Court. He has (and at relevant times had) the responsibility for the operation and administration of the Drug Court. He had the responsibility to see that testing and reporting was conducted properly and accurately. He had the responsibility, among other things, for ensuring that Plaintiff received legal, fair and constitutional treatment while in the Drug Court.
> 21. The misconduct of Defendant Patrick imposed on Plaintiff was not an isolated incident. Defendant Patrick engaged in similar misconduct with other participants of the Drug Court. She was, to put it bluntly, allowed by Defendant Ellis to "run amok," coercing favors, money, and other benefits from Drug Court participants.
>
> 22. Defendant Ellis either knew what Defendant Patrick was doing or otherwise exhibited reckless disregard and deliberate indifference. At all times, he was acting under color of law." (Complaint Doc. #1)

3) The allegations against Marcus Ellis can only be defined as supervisory liability claims, and as claims that occurred in the judicial process. All of which require that he be dismissed under Absolute and Qualified Immunity.

4) This defendant, Marcus Ellis serving as as the Drug Court Administrator, asserts the defense of Absolute Immunity. Where, as in this instance, the only allegations against Marcus Ellis, relate to his failure to perform the responsibilities allegedly assigned to a drug court administrator, then he is entitled to judicial or quasi-judicial immunity.

5) The strain to hold Marcus Ellis liable should also be considered reference to the nominal theory of supervisory liability in which the entire claim also hinges. While the Plaintiff has made allegations that Ellis permitted Vicky Patrick to get away with her acts, there is absolutely no evidence of the necessary indifference or reckless supervision, to support this claim.

6) Marcus Ellis is entitled to Qualified Immunity. In Order to hold Ellis in the suit, the Plaintiff must plead that clearly established constitutional rights were violated, and then that Ellis failed to supervise or train his subordinate officials, She must then demonstrate a causal link exists between the failure to train or supervise and the violation of the claimant's rights; and finally, that the failure to train or supervise amounted to deliberate indifference.

7) As to the question of clearly established rights, the plaintiff has identified Fourth and Fifth Amendment claims, but has failed to identify with particularity how these rights are implicated. Having been sentenced to the diversion program, and equivalently on probation, the plaintiff is not in a position to argue Fourth Amendment right violation by any action of Ellis. And, has she cannot demonstrate, under the Fifth Amendment what due process right was violated by Ellis in her sentencing at the drug court. There is a failure of the plaintiff to identify the actual constitutional right at issue in this action, in such a way as all reasonable drug court officials would know that their actions were unconstitutional.

8) The plaintiff has also failed to demonstrate what lack of supervision would have served as the moving force or causal link between the acts of Patrick and the supervision.

9) While the plaintiff has alleged deliberate indifference, there is no proof available to show that his conduct rose to such a level so as to reason that he would have reasonably expected Patrick to conduct herself in any unusual way.

10) The Plaintiffs complaint cannot be supported by evidence that would overcome the qualified immunity of Ellis.

11) To the extent that any of the claims of the Plaintiff attempts to challenge the validity or any procedure related to her sentencing, or probation violation punishments, the Plaintiff is barred from re-litigating those issues outside of her criminal proceedings.   Any claim of damages resulting from imprisonment is void, as she has not obtained a reversal of the conviction.

12) The Complaint does not appear to assert a claim under any State law theory, however, out of an abundance of caution this defendant asserts that he is entitled to immunity under Mississippi Code section 11-46-9 et seq., also referred to as the Mississippi Tort Claims Act.

13) Attached hereto and incorporated by reference are:

    Exhibit A - Drug Court Rules

    Exhibit B - Drug Court Fiscal Policy

**WHEREFORE PREMISES CONSIDERED,** the defendant Marcus Ellis moves this court for an order of dismissal as the plaintiff has failed to demonstrate any wrong by Marcus

Ellis, and that Absolute Immunity and Qualified Immunity provide complete defenses to Mr. Ellis. The defendant request dismissal, and for such other relief as is just and proper.

Respectfully submitted this the 10th day of March, 2017.

                                  **MARCUS D. ELLIS, JR. DEFENDANT**

                                  By: /s/Michael J. Wolf
                                        MICHAEL J. WOLF

OF COUNSEL:

MICHAEL J. WOLF – BAR NO. 99406
PAGE, KRUGER & HOLLAND, P.A.
P.O. Box 1163
Jackson, Mississippi 39215-1163
T: 601-420-0333
F: 601-420-0033
Email: mwolf@pagekruger.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record for Defendant, Marcus D. Ellis, Jr., do hereby certify that a true copy of the foregoing has been filed with the Court using the ECF electronic filing system which sent notification to all counsel of record.

This the 10th day of March, 2017.

                                     /s/Michael J. Wolf
                                        MICHAEL J. WOLF