IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DONNA STURKIN**                                                                                   **PLAINTIFF**

**V.**                                                           **CAUSE NO. 3:16-CV-434-CWR-FKB**

**VICKY PATRICK; LEAKE COUNTY,**                                            **DEFENDANTS**
**MISSISSIPPI**

## ORDER

Before the Court is Leake County's motion for summary judgment. The matter is fully briefed and ready for adjudication.[1]

### I.     Factual and Procedural History

In 2010, Donna Sturkin began to participate in the Drug Court for the Eighth Judicial District of Mississippi. Her parole officer was Vicky Patrick, who was appointed by Leake County Circuit Judge Vernon Cotten. Leake County paid Patrick's salary.

Sturkin claims that Patrick grossly abused her authority. Patrick allegedly went to Sturkin's places of employment and demanded that Sturkin look the other way while Patrick stole goods or otherwise defrauded Sturkin's employers. When Sturkin worked at a hotel, for example, Patrick demanded and received free hotel rooms for herself, friends, and family.

The most serious abuse of power happened when Sturkin refused to comply with Patrick's demands. Patrick subsequently told the Judge presiding over the Drug Court that Sturkin had tested positive for alcohol consumption. Patrick was lying to the Judge—to maintain control over Sturkin and perpetuate her fraudulent scheme—but the Judge ordered Sturkin to be imprisoned.

---

[1] Several other defendants were sued, but they have since been dismissed.

Sturkin now claims that Patrick violated a number of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. She further claims that Leake County is liable for permitting a custom of constitutional violations to persist in the Drug Court. Sturkin seeks damages and a declaratory judgment that Leake County must pay any judgment rendered against Patrick.

Before a case management conference could be held, Leake County filed the present motion. It contends that it has no liability for any custom of constitutional violations because the Drug Court's final policymaker—a Judge—is a State official, not a County official.

## II.   Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1); *Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir. 2010). The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

## III.   Discussion

### A.   Substantive Law

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). "For a municipality to be liable, the plaintiff must show that there was either an

official policy or an unofficial custom, adopted by the municipality, that was the moving force behind the claimed constitutional violation." *Duvall v. Dallas Cty., Tex.*, 631 F.3d 203, 209 (5th Cir. 2011) (citation omitted).

> Official policy . . . usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy or custom is official only when it results from the *decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy*.

*Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (quotation marks and citation omitted, emphasis added). "The fact that a tortfeasor is an employee or an agent of a municipality is therefore not sufficient for city liability to attach." *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008) (citation omitted).

  **B.**   **Analysis**

  Sturkin argues that Leake County is not entitled to summary judgment because Patrick was a Leake County employee. She has attached documents suggesting a fact dispute on whether Leake County employed Patrick. The dispute must be credited in her favor at this stage.

  Respectfully, though, that employment relationship is insufficient to hold Leake County liable under *Monell* and its progeny. Sturkin must show that Leake County was the decision-maker that promulgated the policy or, in the absence of an actual policy, acquiesced to or ratified the custom which caused her injuries. That element is missing here.

  Sturkin does not claim, present evidence, or seek discovery to prove that the Leake County Board of Supervisors ratified the custom. She writes, "the moving force was the misconduct of the individual Defendants, not that of a judge that punished Ms. Sturkin after being misled." Docket No. 37, at 9. But *Monell* liability requires the municipality's policy or custom to be the moving force of the plaintiff's constitutional violation. Pinning responsibility on

"the misconduct of the individual Defendants" is tantamount to saying that there is no *Monell* liability.

The official with final authority in this situation appears to be the Judge who presided over the Drug Court. But that Judge is a state official, not a county official. Since Leake County was not the decision-maker which allegedly knew about and turned a blind eye to Patrick's misdeeds, it cannot be held liable for Sturkin's constitutional injuries.

What remains is whether Mississippi law requires Leake County to pay a federal judgment rendered against an employee (Patrick) sued in her individual capacity. It is not clear that this is an appropriate forum for resolving that issue. The Court will wait until the claims against Patrick are more fully fleshed out.

**IV.    Conclusion**

The motion is granted in part and deferred in part.

**SO ORDERED**, this the 27th day of July, 2017.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
