# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

DONNA STURKIN                                                                                     PLAINTIFF

V.                                                                          CAUSE NO. 3:16-CV-434-CWR-FKB

VICKY PATRICK                                                                                    DEFENDANT

## ORDER

Vicky Patrick has moved to dismiss this suit. The motion is fully briefed and ready for adjudication.

**I.      Factual and Procedural History**

In 2010, Donna Sturkin began to participate in the Drug Court for the Eighth Judicial District of Mississippi. Her parole officer was Vicky Patrick, who was appointed by Circuit Judge Vernon Cotten.

While a participant in the Drug Court, Sturkin claims that Patrick grossly abused her authority. "Plaintiff was subjected to regular and repeated harassment, coercion, punishment, and false reporting by Defendant Patrick," states her Complaint. More particularly, Patrick allegedly went to Sturkin's places of employment and demanded that Sturkin look the other way while Patrick stole goods or otherwise defrauded Sturkin's employers. When Sturkin worked at a hotel, for example, Patrick demanded and received free hotel rooms for herself, friends, and family.

The most serious abuse of power happened when Sturkin refused to comply with Patrick's demands. Patrick subsequently told the Judge presiding over the Drug Court that Sturkin had tested positive for alcohol consumption. Patrick was lying to the Judge—to maintain control over Sturkin and perpetuate her fraudulent scheme—but the Judge ordered Sturkin to be imprisoned.

This suit followed. Sturkin seeks monetary damages for Patrick's violations of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

Patrick now argues that the case cannot proceed because it would imply that Sturkin's criminal conviction was invalid. Patrick also contends that Sturkin's state-law tort claims are untimely.

## II. Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## III. Discussion

Patrick's motion suggests that she is invoking the Supreme Court's ruling in *Heck v. Humphrey,* 512 U.S. 477 (1994). In that case, the Court held the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87 (footnotes omitted).

A thorough review of the complaint leaves the Court unpersuaded that Sturkin's claims are *Heck*-barred. Sturkin's successful recovery against Patrick would not imply the invalidity of a conviction or sentence. Although Sturkin does claim that she was falsely imprisoned for drug test violations, documents attached to her response indicate that there is no underlying conviction or sentence that Sturkin needs to set aside before this case can proceed. *All* of the charges were expunged upon Sturkin's successful completion of Drug Court. *See* Docket Nos. 74-5 and 74-6 (Orders of Judge Cotten). The expungement orders not only cleared the underlying conviction, they expunged the sanctions and imprisonment the Circuit Judge imposed on Sturkin when Patrick falsely accused her of testing positive for alcohol consumption. Whether those documents will be disputed at the summary judgment stage remains to be seen, but for present purposes it is enough to say that the claims are not on their face *Heck*-barred.

Lastly, neither the complaint nor the briefing reveal any state-law tort claims in this action. There is nothing to dismiss as untimely.

## IV. Conclusion

The motion is denied.

**SO ORDERED**, this the 8th day of August, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE