# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DONNA STURKIN**                                                                                    **PLAINTIFF**

**VS.**                                                           **CAUSE NO. 3:16-CV-434-CWR-FKB**

**VICKY PATRICK**                                                      **DEFENDANT**

## PLAINTIFF'S TRIAL BRIEF REGARDING
## <u>DEFENDANT'S STATUTE OF LIMITATIONS DEFENSE</u>

Plaintiff Donna Sturkin submits her Trial Brief regarding Defendant Vicky Patrick's statute of limitation defense as follows:

**Summary of the Case**

On November 15, 2010, Donna Wilson (n/k/a Donna Sturkin) entered the Eighth Judicial District Drug Court. As a condition of participation, Ms. Sturkin was required to undergo regular testing for drugs and alcohol and to make regular court appearances.

Ms. Sturkin was assigned to probation officer Vicky Patrick. While under Ms. Patrick's supervision, Ms. Sturkin was subjected to demands that were not otherwise required in Drug Court, and she was threatened with incarceration if she did not comply.

When Ms. Sturkin did not comply, Ms. Patrick falsely reported to the Drug Court that Ms. Sturkin failed alcohol screenings. Ms. Patrick also falsified the records so that it

would appear that a violation had occurred. As a result, Mrs. Sturkin was incarcerated more than once.

After Ms. Patrick lost her job for other misconduct, Mr. Marcus Ellis, Coordinator of the Drug Court, admitted to Ms. Sturkin that she had not failed any alcohol screenings. After it was determined that the results had been falsified, Ms. Sturkin's charges (including her probation violation charges) were expunged. *See* August 1, 2014 Amended Order, Exhibit "A" hereto.[1]

In her Answer and in the Final Pretrial Order, Ms. Patrick raised a statute of limitation defense. As explained below, Ms. Sturkin's Complaint was filed on June 9, 2016, well within the applicable statute of limitation.

**Argument and Authorities**

This is a Section 1983 case. As such, Ms. Sturkin's claim is subject to Mississippi's general three-year statute of limitation. *Hubbard v. Mississippi Conference of the United Methodist Church*, 138 F.Supp.2d 780, 782 (S.D. Miss. 2001).

In *Heck v. Humphrey*, the United States Supreme Court held as follows:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A

---

[1] This Order amended a previously Order dated February 3, 2014. *See* Exhibit "B" hereto.

claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

The Supreme Court also explained how its holding would affect a statute of limitation defense. "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck* at 489 (internal citations omitted).

Thus, pursuant to *Heck v. Humphrey*, Ms. Sturkin's claim accrued at the earliest on February 3, 2014 (date of the first expungement Order) or at the latest on August 1, 2014 (date of the amended expungement Order).

Ms. Sturkin then had three years in which to file her Complaint. Her Complaint was filed on June 9, 2016, well within the three-year statute of limitation.

## Conclusion

For the foregoing reasons, Defendant's statute of limitation defense should be rejected.

Respectfully submitted, this the 4th day of December, 2018.

/s/ Ronald E. Stutzman, Jr.
Ronald E. Stutzman, Jr.

S. Craig Panter (MB #3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B (39110)
Post Office Box 2310
Madison, Mississippi 39130
Telephone: (601) 607-3156
Facsimile: (877) 442-7002
cpanter@craigpanterlaw.com

Ronald E. Stutzman, Jr. (MB #101454)
The Stutzman Law Firm, PLLC
106 Luckney Station Road, Suite B
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com

**CERTIFICATE OF SERVICE**

I, Ronald E. Stutzman, Jr., do hereby certify that I have this day filed the foregoing pleading with the Clerk of Court using the ECF system which provided electronic notification of such filing to all counsel of record.

So certified, this the 4th day of December, 2018.

/s/ Ronald E. Stutzman, Jr.
Ronald E. Stutzman, Jr.