IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DONNA STURKIN                                                                      PLAINTIFF

VS.                                                        CAUSE NO. 3:16-CV-434-CWR-FKB

VICKY PATRICK                                                                    DEFENDANT

**PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF HER
<u>MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES</u>**

Plaintiff Donna Sturkin submits this Memorandum Brief in support of her Motion for Award of Attorneys' Fees and Expenses.

## Overview

On January 16, 2019, a unanimous jury returned a verdict in favor of Plaintiff and against Defendant Vicky Patrick in the amount of $350,000 on her Section 1983 claim (document # 103). The Judgment was filed on January 25, 2019 (document # 109).

Plaintiff now moves the Court to (a) award her attorneys' fees and expenses under the applicable federal law and (b) then enter a Final Judgment in her favor for that amount, plus the amount of the jury verdict.

1

## Law Governing Attorneys' Fees

With respect to Plaintiff's successful claim under Section 1983, the right to recover attorneys' fees is granted by 42 U.S.C. § 1988(b).

Although the statute grants the court discretion to award attorneys' fees, "prevailing plaintiffs are entitled to attorneys' fees unless special circumstances render an award unjust." *Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954, 955 (5th Cir. 1981).

"Although a district court's grant or denial of attorneys' fees is reviewable only for abuse of discretion, the discretion afforded district courts to deny attorneys' fees to prevailing plaintiffs under § 1988 is exceedingly narrow." *Id*.

It should be noted that the standards for awarding attorneys' fees pursuant to Section 1983 and pursuant to Title VII are identical. *The Barnes Foundation v. The Township of Lower Merion*, 242 F.3d 151, 158 n. 6 (3rd Cir. 2001). As a result, cases interpreting one statute may be used to interpret the other. *Id*.

## Was Plaintiff a "prevailing party"?

With respect to his claim against Vicky Patrick, Plaintiff was a "prevailing party." She obtained a jury verdict against Ms. Patrick.

On the other hand, Plaintiff did not prevail on the claims she asserted against Marcus Ellis, Leake County, Mississippi, Scott County, Mississippi, Neshoba County, Mississippi, or Newton County, Mississippi. In this regard, the

2

undersigned note that before submitting this Motion, they went through their statements and deleted entries that they believed applied only to the pursuit of the claims against Mr. Ellis and the Counties.

This could not be carried out with perfection, of course, because much of the facts and the law governing Plaintiff's claim against the Ms. Patrick was also relevant to the claims against Mr. Ellis and the Counties.

The undersigned can simply state that they are not seeking to recover any fees or expenses that were solely applicable to the pursuit of the claims against Mr. Ellis and the Counties.

### What is a Reasonable Attorneys' Fee Award?

In 1974, the Fifth Circuit adopted a twelve-factor test for determining the reasonableness of attorneys' fees awards in a Title VII case. Since then, the *Johnson* factors have been widely used by other courts in other federal civil rights cases, and they are now a well-established part of the law.

The *Johnson* factors are the following:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

(4) The preclusion of other employment by the attorney due to the acceptance of the case;

3

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The undesirability of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

Pursuant to *Johnson*, the court should first determine a lodestar figure equal to the number of hours reasonably expended (which is item (1) of the *Johnson* factors) multiplied by the prevailing hourly rate in the community for similar work (which is item (5) of the *Johnson* factors).

This figure is known as the "lodestar" amount. This lodestar is then to be adjusted upward or downward to reflect any of the other ten *Johnson* factors. *Jackson v. Color Tile, Inc.*, 638 F.Supp. 62, 64 (N.D.Miss. 1986). All of these factors should be considered by the Court in determining the amount of a reasonable attorney's fee award.

Let us now analyze the *Johnson* factors, one at a time:

(1) **The time and labor required**. This is the first of the two factors that are initially used to determine the "lodestar" amount. Although hours spent on a case should not be the sole basis for determining a fee, they are a necessary ingredient to be considered. *Johnson*, 488 F.2d at 717. "The trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities."

In the present case, the attorneys for Plaintiff have submitted itemized records of the time spent on this case. They reflect 290.7 hours worked by attorneys and 44.5 hours worked by a paralegal. *See* Affidavits of S. Craig Panter and Ronald E. Stutzman, Jr., Exhibits "A" and "B to Plaintiff's Motion.

The hourly rate of Mr. Stutzman is lower than that of Mr. Panter due to the latter's more "senior" status with the Bar.

In addition to this matter, there are two related actions. Shortly after this matter was filed, Ms. Patrick filed for bankruptcy. Her bankruptcy proceeding is pending before the United States Bankruptcy Court for the Southern District of Mississippi; Chapter 13 Case No. 16-03100-NPO. From that action, Plaintiff filed an adversary proceeding contesting the dischargeability of a civil rights violation. The cause number for the adversary proceeding is Adv. Proc. No. 16-00067-NPO.

Furthermore, Mississippi Association of Supervisors, Inc. (hereinafter "MAS") is the entity which provides insurance to Leake County, Mississippi. This insurance coverage applies to the Eighth Judicial District Drug Court. MAS has filed a Declaratory Judgment action in the Scott County Circuit Court which seeks to determine whether or not coverage exists for Ms. Patrick's actions. That matter is captioned *Mississippi Association of Supervisors, Inc. v. Vicky Patrick*; Cause No. 18-cv-03d-SC-CC.

Plaintiff is not seeking an award of attorneys' fees related to these two additional matters. However, it should be noted that participation in the two related proceedings was required in order to maintain the present action.

Given the significant amount of the jury verdict, and the additional amount of time and expense required to support the related proceedings, the undersigned are asking that the Court award them the full amount of those fees and expenses.

(2) **The novelty and difficulty of the questions**. This was not a particularly difficult case to litigate.

Plaintiff suggests that this factor does not warrant any change to the lodestar figure.

(3) **The skill requisite to perform the legal service properly**. "The trial judge should closely observe the attorneys' work product, his preparation, and general ability before the court." *Johnson*, 488 F.2d at 718. "The trial judge's

6

expertise gained from past experience as a lawyer and his observation from the bench of lawyers at work become highly important in this consideration." *Id.*

The trial judge may rely upon her own knowledge in determining the experience, skill, reputation and performance of the plaintiff's attorneys. *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1081 (10th Cir. 1998).

In the present case, the undersigned are reluctant to discuss their own skills. Under applicable law, this Court (having seen the performance of Plaintiff's counsel) may determine whether their performance warrants a change to the lodestar figure.

(4) **The preclusion of other employment by the attorney due to acceptance of the case**. The undersigned do not contend that they had to turn away any other clients as a result of the representation of the Plaintiff in this case.

(5) **The customary fee**.  This is the second factor for determining the "lodestar" amount.  This refers to the customary fee "for similar work in the community." *Johnson*, 488 F.2d at 718.

"The establishment of hourly rates and awarding attorneys fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Gudenkauf*, 158 F.3d at 1082.

The undersigned submit that the hourly rates they have requested are reasonable and in keeping with rates charged by other lawyers for similar legal work.

The law recognizes and accepts the fact that more experienced lawyers usually receive compensation at a higher hourly rate. *Johnson*, 488 F.2d at 718-719. Mr. Panter has been a member of the bar since 1985. Mr. Stutzman was admitted to the bar in 2004.

Having said that, the undersigned took this case on a 40% contingency fee basis. *See* Affidavit of Ronald E. Stutzman, Jr., Exhibit "B" to Plaintiff's Motion.

(6) **Whether the fee is fixed or contingent**. The fact that a case was handled on a contingency fee basis justifies a greater, not a lesser, award. *Domingo v. New England Fish Company*, 727 F.2d 1429, 1147 (9th Cir. 1984).[1]

As noted, the undersigned agreed to represent the Plaintiff on a contingency fee basis. Their fee is 40% of any recovery, plus expenses.

---

[1] In *Johnson*, the Fifth Circuit stated that the fee award should never be more than any contingency fee that the plaintiff agreed to pay her lawyer. *Johnson*, 488 F.2d at 718. In 1989, however, the United States Supreme Court abrogated that portion of the *Johnson* decision. The Supreme Court rejected the notion that the amount of the contingency fee created a "ceiling" on the amount of fees that could be awarded. *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989). As a result, the court may award more than or less than the amount of the contingency fee the Plaintiff agreed to pay her lawyers.

8

(7) **Time limitations imposed by the client or the circumstances**. This factor is intended to address priority work that causes the lawyer to lose other legal work. Such priority work is entitled to "some premium." *Johnson*, 488 F.2d at 718.

In the present case, there were no particular time limitations imposed on the undersigned. This case proceeded in the normal course of discovery and trial.

(8) **The amount involved and the results obtained**. In the present case, Plaintiff was successful in the pursuit of her claim against the Vicky Patrick. At trial, the jury returned a verdict within the range asked for by the Plaintiff.

(9) **The experience, reputation and ability of the attorneys**. This factor seems to be somewhat duplicative of the third factor (the "skill requisite to perform the legal services properly"). The law allows this Court to draw its own conclusions about these matters and to adjust the lodestar figure accordingly.

(10) **The undesirability of the case.** The law recognizes that civil rights attorneys sometimes "face hardships in their communities because of their desire to help the civil rights litigant." This did not occur in the present case.

(11) **The nature and length of the professional relationship with the client**. This factor recognizes that some lawyers in private practice vary their fees for clients with whom they have had a long-standing relationship. *Johnson*, 488

F.2d at 719. For example, a lawyer might charge a lower rate to a long-standing client.

In the present case, this is the only matter the undersigned have handled for Plaintiff.

(12) **Awards in similar cases**. "The reasonableness of a fee may also be considered in the light of awards made in similar litigation within and without the court's circuit." *Johnson*, 488 F.2d at 719.

The undersigned defers to the Court on its experience in this issue.

## Litigation Expenses

Out-of-pocket expenses incurred by the attorneys in representing a plaintiff in this type of civil rights litigation are also recoverable.  All reasonable out-of-pocket expenses, including charges for travel, are plainly recoverable because they are part of the costs normally charged to a fee-paying client. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 396 (5th Cir. 2003).

In light of the foregoing, Plaintiff also requests that she be awarded litigation expenses of $636.49 as set forth in the Affidavits of S. Craig Panter and Ronald E. Stutzman, Jr.

## Conclusion

In light of the foregoing, plaintiff requests an award of attorney's fees in the amount of $69,962.25, as well as expenses in the amount of $636.49.

Respectfully submitted, this the 20th day of February, 2019

DONNA STURKIN

/s/ *S. Craig Panter*
S. Craig Panter

/s/ *Ronald E. Stutzman, Jr.*
Ronald E. Stutzman, Jr.

S. Craig Panter (MB # 3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B
Madison, MS 39110
Telephone: (601) 607-3156
Facsimile: (877) 442-7002
cpanter@craigpanterlaw.com

Ronald E. Stutzman, Jr. (MB #101454)
106 Luckney Station, Suite B
Flowood, MS 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com

## **CERTIFICATE OF SERVICE**

I, Ronald E. Stutzman, Jr., do hereby certify that I have this day filed the foregoing document with the Clerk of Court using the ECF system which will provide electronic notification of such filing to all counsel of record.

This the 20th day of February, 2019.

*/s/ Ronald E. Stutzman, Jr.*
Ronald E. Stutzman, Jr.
