# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

DONNA STURKIN                                                     PLAINTIFF

V.                                           CAUSE NO. 3:16-CV-434-CWR-FKB

VICKY PATRICK                                                DEFENDANT

## ORDER

Before the Court is the plaintiff's motion for attorney's fees and costs. Docket No. 113. The matter is fully briefed and ready for adjudication.

## I. Factual and Procedural History

Donna Sturkin filed this lawsuit alleging that her former Drug Court parole officer, Vicky Patrick, violated Sturkin's constitutional rights. Sturkin said that during the period of supervision, she "was subjected to regular and repeated harassment, coercion, punishment, and false reporting by Defendant Patrick." For example, Sturkin claimed that Patrick went to Sturkin's places of employment and demanded that Sturkin look the other way while Patrick stole goods or otherwise defrauded Sturkin's employers. Sturkin also claimed that Patrick falsely told the Drug Court's presiding judge that Sturkin had tested positive for alcohol consumption, which caused Sturkin to be imprisoned.

At trial, a jury found in Sturkin's favor and awarded her $350,000 in compensatory damages. The present motion followed.[1]

Sturkin argues that as the prevailing party, she is entitled to $69,962.25 in attorney's fees and $636.49 in costs. This sum reflects a $275 hourly rate for attorney S. Craig Panter, a $175 hourly rate for attorney Ronald E. Stutzman, Jr., and lesser hourly rates for paralegals. Patrick

---

[1] After the briefing on the motion closed, the Fifth Circuit dismissed Patrick's merits appeal for want of prosecution.

opposes the motion in part: she contends that opposing counsel's hourly rates should be lowered to $200 for Panter and $150 for Stutzman.[2]

## II.     Applicable Law

"As always, the Court uses the lodestar method to calculate an award of fees." *Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss.*, No. 2:12-CV-184-KS-MTP, 2014 WL 4402229, at *3 (S.D. Miss. Sept. 5, 2014) (citation omitted). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly billing rate. *Id.*; *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[T]he lodestar method yields a fee that is presumptively sufficient." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (citations omitted).

The Court may then adjust the lodestar to account for factors that bear on the propriety of a fee award—the so-called *Johnson* factors. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 & n.6 (5th Cir. 1993) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974)). The "most critical" factor is "the degree of success obtained." *Abner v. Kan. City S. Ry. Co.*, 541 F.3d 372, 377 (5th Cir. 2008).

"The party seeking reimbursement of attorneys' fees has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quotation marks, citation, brackets, and ellipses omitted). The amount sought and the hours expended must be reasonable.

---

[2] The Court agrees that there are no obvious deficiencies in the attorneys' records, as they appear to have exercised billing judgment and declined to seek payment for time spent on unsuccessful claims and the satellite litigation this dispute has necessitated.

*Id.* at 325. "The court should exclude all time that is excessive, duplicative, or inadequately documented." *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379-80 (5th Cir. 2010).

An attorney's fee award ruling should "explain how each of the *Johnson* factors affects its award" but "need not be meticulously detailed to survive appellate review." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008); *see Blanchard v. Bergeron*, 893 F.2d 87, 89 (5th Cir. 1990) ("we will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions on fee awards consume more judicial paper than did the cases from which they arose"). As the Supreme Court has explained, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

**III.    Discussion**

   **A.    Hourly Rates**

Reimbursable hourly rates in this State vary. *See Brown v. Miss. Dep't of Health*, No. 3:11-CV-146-CWR-FKB, 2013 WL 12128785, at *3 (S.D. Miss. Mar. 5, 2013) (collecting cases). Several federal judges in Mississippi have awarded $400 an hour and beyond for experienced attorneys handling complex litigation. *See Jones v. Singing River Health Sys.*, No. 1:14-CV-447-LG-RHW, 2016 WL 3248449, at *3 (S.D. Miss. June 10, 2016) (collecting cases).

Given these authorities, Patrick's objection cannot be sustained. Although this is not complex litigation, the hourly rates Sturkin's attorneys seek are well-within the range of reasonable professional rates in this area. In fact, as Sturkin's attorneys observe in rebuttal, last year Judge Mills specifically found $275 an hour for Panter and $175 an hour for Stutzman to be reasonable rates. *Compare Young v. Bd. of Supervisors of Humphreys Cty., Miss.*, No. 4:16-CV-

3

66-M-V, Docket No. 96 at 2 (N.D. Miss. June 20, 2018) (plaintiff's motion for attorney's fees) *with Young v. Bd. of Supervisors of Humphreys Cty., Miss.*, No. 4:16-CV-66-M-V, 2018 WL 5807637, at *2 (N.D. Miss. Aug. 8, 2018) ("The Court recognizes through its familiarity with the cost of similar work in the area that the hourly rates Young has requested are reasonable.").

For these reasons, Sturkin's desired rates are reasonable and will be awarded.

**B.     The *Johnson* Factors**

The next step requires the Court to discuss each of the *Johnson* factors and adjust the lodestar upward or downward based on that discussion.

> The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 1:07-CV-568-HSO-RHW, 2011 WL 6699447, at *3 (S.D. Miss. Dec. 21, 2011) (citation omitted). Again, the "most critical" of the *Johnson* factors corresponds to (8), "the degree of success obtained." *Abner*, 541 F.3d at 377.

"The United States Supreme Court has stated that many of the *Johnson* 'factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Penthouse Owners*, 2011 WL 6699447, at *4 (quoting *Hensley*, 461 U.S. at 434 n.9).

This case is no different. Factors (1), (2), (3), (5), (8), (9), and (12) are already subsumed into the lodestar. None of them warrant an upward or downward adjustment. Factors (4), (7), (10), and (11) are irrelevant to this case or have no bearing on the fee award. The Court declines

4

to make any adjustment to the lodestar in this case for factor (6), the fixed versus contingent fee factor.

All said, the Court concludes that the lodestar should not be adjusted based on any of the *Johnson* factors.

### C. Costs

Sturkin's request for $636.49 in costs is unopposed and will be granted.

## IV. Conclusion

The motion for attorney's fees is granted. A reasonable award in this case is $69,962.25 in attorney's fees and $636.49 in costs.

**SO ORDERED**, this the 10th day of May, 2019.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE